UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LAW HEATING AND COOLING LLC,

        Plaintiff,

    v.                                                                     Civil Action 2:23-cv-981
                                             Judge Edmund A. Sargus, Jr.
INTERNATIONAL ASSOCIATION OF                                    Magistrate Judge Chelsey M. Vascura
SHEET METAL, AIR, RAIL AND
TRANSPORTATION WORKERS
LOCAL UNION NO. 33,

        Defendant.


## OPINION AND ORDER

Plaintiff, Law Heating and Cooling LLC, brings this action against Defendant, International Association of Sheet Metal, Air, Rail and Transportation Workers Local Union No. 33, seeking to vacate an arbitration award issued in favor of Defendant by the Local Joint Adjustment Board and for declaratory judgment pursuant to 28 U.S.C. § 2201 and the Labor Management Relations Act of 1947 ("LMRA"). This matter is before the Court on Defendant's Motion to Stay Discovery (ECF No. 18). For the reasons that follow, Defendant's Motion is **DENIED**.

### I.      BACKGROUND

Plaintiff commenced this action on March 16, 2023. (Compl., ECF No. 1.) On May 12, 2023, Defendant moved to dismiss Plaintiff's Complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction. (ECF No. 6.) Specifically, Defendant contends that the LMRA does not

confer federal subject-matter jurisdiction for Plaintiff's claim to vacate the arbitration award because it was not bound by the relevant collective bargaining agreement ("CBA"). (*Id.*)

On July 25, 2023, the undersigned held a Preliminary Pretrial Conference at which Defendant objected to proceeding with discovery while its Motion to Dismiss remained pending. The undersigned entered a Preliminary Pretrial Order setting a discovery deadline of January 31, 2024, but also stating that "[d]eposition discovery, if appropriate, will proceed following resolution of Defendant's Motion to Dismiss." (Order 3, ECF No. 14.) The Preliminary Pretrial Order also noted that "Defendant may file a motion seeking a stay of discovery during the pendency of the motion to dismiss and a motion requesting an interim stay of discovery pending resolution of the motion to stay" and that "[i]f the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court." (*Id.* at 2, 3.)

On September 18, 2023, Defendant filed the present motion to stay discovery pending resolution of its 12(b)(1) motion. (ECF No. 18.) The parties participated in a mediation session on September 28, 2023, but were unable to reach a resolution. (ECF No. 19.)

## II.     STANDARD OF REVIEW

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of

the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

### III.    ANALYSIS

Defendant has not demonstrated that a stay of discovery is appropriate. In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R.

Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *Young v. Mesa Underwiters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *2–3 (S.D. Ohio Oct. 19, 2020) ("Absent a request to dismiss on the grounds of immunity or lack of jurisdiction, it is the rare case where the Court will stay discovery based on a pending dispositive motion.").

Although Defendant's pending motion to dismiss is brought under Rule 12(b)(1) instead of Rule 12(b)(6), this Court has frequently denied stays of discovery in the face of motions to dismiss for lack of subject-matter jurisdiction. *See*, *e.g.*, *Ohio Bell*, 2008 WL 641252, at *2; *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013); *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020); *Hopper v. Credit Assocs., LLC*, No. 2:20-CV-522, 2021 WL 2800707, at *3 (S.D. Ohio July 6, 2021); *Ames v. LaRose*, No. 2:22-CV-2085, 2022 WL

11615872, at *3 (S.D. Ohio Oct. 20, 2022). In such cases, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which weighs in favor of a stay), or "fairly debatable" (which weighs against a stay). *See, e.g.*, *Ohio Bell*, 2008 WL 641252, at *2; *Seattle House, LLC*, 2020 WL 7253309, at *3.

Although the undersigned takes no position on the outcome of Defendant's 12(b)(1) motion, the jurisdictional issues are best described as fairly debatable rather than clear-cut. For example, Defendant contends that Plaintiff's claim that it was not party to the CBA is not a claim for breach of contract, which is the only type of claim for which the LMRA confers federal court jurisdiction; but Plaintiff contends that the LMRA provides jurisdiction for a declaratory judgment plaintiff accused of violating a CBA to ask the court to declare the agreement invalid. Both parties cite various authorities in support of their positions. (*See* Def.'s Mem. in Support of Mot. to Dismiss, ECF No. 7; Pl.'s Mem. in Opp'n, ECF No. 9.) Thus, "there is little certainty at the moment concerning the issue of subject matter jurisdiction, and this uncertainty counsels against granting a stay of discovery." *Ohio Bell*, 2008 WL 641252, at *2.

Moreover, Defendant has made no showing that responding to Plaintiff's written discovery requests will be unduly burdensome. Although responding to discovery will entail some expenditure of time and resources, this is "the same burden that nearly every defendant in this Court faces in civil litigation." *Young*, 2020 WL 7407735, at *3. Although Defendant argues in passing that *no* discovery is permissible due to the nature of Plaintiff's claims for review of an arbitration award, and that Plaintiff's requests are overbroad even if discovery is permissible, Defendant has not provided any authority on those points or explained why Plaintiff's requests

are overbroad.[1] The undersigned therefore finds that any burden on Defendant caused by responding to discovery is outweighed by Plaintiff's right to have its claims resolved in a timely and efficient manner. *Young*, 2020 WL 7407735, at *3.

Finally, Defendant also alternatively sought an extension to respond to Plaintiff's discovery requests "until 30 days following completion of mediation." (Def.'s Mot. 2, ECF No. 18.) Defendant contends that settlement negotiations remain ongoing such that this request is not moot, even though more than 30 days has elapsed since the parties' September 28, 2023 mediation session. But for the same reasons that a stay is not warranted pending resolution of Defendant's Motion to Dismiss, neither is a 30-day extension of time warranted.

## IV.    DISPOSITION

For the foregoing reasons, Defendant's Motion to Stay Discovery (ECF No. 18) is **DENIED**. Defendant is **ORDERED** to respond to Plaintiff's outstanding discovery requests **WITHIN FOURTEEN DAYS** of the date of this Order. If a dispute arises regarding the scope of Plaintiff's discovery requests, the parties may, after meeting and conferring as required by this Court's Local Rules and the Preliminary Pretrial Order, request an informal conference with the undersigned.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties also dispute whether a "record" of the arbitration proceedings exists or supports engaging in further discovery in this Court. Because the parties have not provided the Court with copies or descriptions of the discovery sought by Plaintiff, any determination as to whether Plaintiff's discovery requests exceed the proper scope of discovery under Federal Rule of Civil Procedure 26(b) is beyond the purview of this Opinion and Order.